Ellen McGillicuddy, an Infant, Appellant, *v.* The Kings County Elevated Railway Co., Respondent.

(City Court of Brooklyn — General Term, October, 1894.)

A petition for leave to sue as a poor person sufficiently states the nature of the action where it states that the plaintiff has a cause of action "as will more fully appear by reference to the complaint."

The statements in the complaint must be taken as true for the purposes of the motion where no papers in opposition thereto are presented.

Appeal from order denying motion for leave to sue as a poor person.

This action was brought to recover damages for personal injuries sustained by the infant plaintiff by reason of one of the windows of the defendant's car, in which she was traveling in charge of her mother, falling upon and crushing her fingers.

After service of the summons and complaint a motion was made for leave to sue as a poor person, based upon the pleadings and a petition which stated that the plaintiff had a cause of action against the defendant "as will more fully appear by reference to the complaint herein."

The motion was denied on the ground that the petition did not state the nature of the action, and because the court was not satisfied that the plaintiff had a good cause of action.

*Louis J. Grant,* for appellant.

*Hirsh & Rasquin,* for respondent.

*Per Curiam.* The complaint in this case sets forth a cause of action against the defendant. There were no affidavits before the court tending to show that the action was not brought in good faith, and no denial of the allegations of the complaint. On the papers used on the motion, we are satisfied that the plaintiff had a good cause of action, for the reason that no papers were read in opposition to the statements set forth in the complaint, and the complaint must, for the purposes of the motion, be taken as true.

The complaint was referred to in the petition and notice of motion, and we, therefore, are of opinion that the petition did state the nature of the action.

The order should be reversed and motion granted, with ten dollars costs and disbursements.

Present: CLEMENT, Ch. J., and VAN WYCK, J.

Order reversed and motion granted, with ten dollars costs and disbursements.